IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEARS, ROEBUCK AND CO. : | |
| : | |
| : | |
| v. : | CIVIL ACTION NO. 02-CV-3461 |
| : | |
| : | |
| ONEBEACON INSURANCE GROUP and : | |
| WINSTON FURNITURE COMPANY, INC. : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, ONEBEACON
INSURANCE GROUP TO PLAINTIFF'S COMPLAINT**

Defendant, OneBeacon Insurance Group ("OneBeacon"), by and through its counsel, Connor, Weber & Oberlies, P.C., responds to Plaintiff's Complaint as follows:

1. Admitted

2. Admitted upon information and belief.

3. Admitted.

4. Admitted.

5. Admitted in part; denied in part. It is admitted upon information and belief that Winston and Sears appear to have entered into a Letter Agreement. It is denied that the Letter Agreement is binding upon OneBeacon, that OneBeacon was a party to the Letter Agreement, or that OneBeacon was aware of the Letter Agreement at the time OneBeacon issued insurance coverage to Winston.

6. Denied as stated. The Letter Agreement is a document that speaks for itself. It is admitted upon information and belief that Winston and Sears appear to have entered into a Letter Agreement. It is denied that the Letter Agreement is binding upon OneBeacon, that OneBeacon was a party to the Letter Agreement, or that OneBeacon was aware of the Letter Agreement at the time OneBeacon issued insurance coverage to Winston. By way of further

answer, it is denied that the underlying action filed by the Dockins alleges any defect with respect to the chair it sold to Sears. To the contrary, the Dockins Complaint alleges only that Sears was negligent in not properly securing the chair and/or that Sears placed it on an improper surface.

7. Admitted in part; denied in part. It is admitted that what appears and/or purports to be a Certificate of Insurance prepared by Alabama Insurance Exchange is attached as Exhibit "C". It is denied however, that this document has been authenticated or that the identity of the person who prepared the document is known or has been identified. It is denied that OneBeacon issued a vendors' endorsement, that a vendors' endorsement has been produced. It is specifically denied that the purported issuance of the Certificate of Insurance attached as Exhibit "C" has the effect of creating insurance coverage for Sears under the policy for defense or indemnity of the Dockins Complaint and/or the litigation being pursued by Anne Dockins and/or Leolin Dockins.

8. Denied. It is denied that the purported Certificate of Insurance has been authenticated or that the identity of the person who prepared the document is known or has been identified. It is denied that OneBeacon issued a vendors' endorsement, that a vendors' endorsement has been produced. It is specifically denied that the purported issuance of the Certificate of Insurance attached as Exhibit "C" has the effect of creating insurance coverage for Sears under the policy for defense or indemnity of the Dockins Complaint and/or the litigation being pursued by Anne Dockins and/or Leolin Dockins.

9. Admitted in part; denied in part. It is admitted that despite extensive efforts that the parties have been unable to locate the policy. It is denied that the vendors' endorsement, however, is unable to be found, as OneBeacon did not issue a vendors' endorsement. However,

the declaration pages for the subject policy, with applicable endorsements, have been found and produced by OneBeacon, and contain no reference whatsoever to a vendors' endorsement.

10. Admitted.

11. Admitted.

### JURISDICTION AND VENUE

12. Admitted.

13. Admitted.

14. Admitted upon information and belief.

15. Admitted upon information and belief.

16. Admitted in part; denied in part. It is admitted that Plaintiffs in the underlying action are seeking damages in excess of $75,000.00. It is admitted that the OneBeacon policy provides coverage to Winston with limits of up to $1,000,000.00 per occurrence. However, Winston was not named in the underlying action, and it is denied that Sears is an additional insured under the OneBeacon policy. It is denied that the OneBeacon policy provides coverage for Sears in the underlying action.

17. Admitted.

### THE UNDERLYING ACTION

18. Admitted.

19. Admitted in part, denied in part. It is specifically denied that Plaintiff's Complaint alleges a "defective condition" of the Canterbury chair, and any inference that the underlying action alleges a defect as to the chair itself is denied. The Dockins Complaint alleges two counts against Sears, one for negligence and one for loss of consortium, and alleges in Paragraph 8 that Sears was negligent in having a chair in its store "that was not secured properly or on a proper surface." It is admitted that Sears has accurately quoted Paragraph 19

(a) – (e) of Plaintiff's Complaint, which contains no allegation that the chair itself was defective or dangerous.

## COUNT I
### SEARS, ROEBUCK AND CO. v. ONE BEACON INSURANCE GROUP
### ACTION FOR DECLARATORY RELIEF

20. Defendant, OneBeacon incorporates by reference its responses in the preceding paragraphs as though set forth herein at length.

21. Denied. It is specifically denied that Plaintiff in the underlying action alleges injuries "arising out of her use of the aforesaid Canterbury chair" and any inference that the underlying action alleges a defect as to the chair itself is denied. The Dockins Complaint alleges only that Sears was negligent in not properly securing the chair and/or failing to displaying it on a proper surface.

22. Denied. It is denied that a vendors' endorsement naming Sears as an additional insured exists or was ever issued by OneBeacon. By way of further answer, it is denied, even assuming *arguendo* that the "standard" vendors' endorsement language was applicable, it is denied that coverage is afforded to Sears in the underlying action, the Dockins have not alleged any defect or dangerous condition as to the product itself, only as to Sears' allegedly negligent display of the product.

23. Denied. After reasonable investigation, OneBeacon is without information or facts sufficient to determine whether the chair at issue was sold pursuant to the Letter Agreement, as it has not been established when the chair was sold to Sears, or by whom. It is further denied that a vendors' endorsement was ever issued by OneBeacon. Finally, it is denied that the issuance of a purported Certificate of Insurance creates coverage under the OneBeacon policy. The Certificate of Insurance contains language specifically stating that it does not create coverage or alter the terms of the insurance policy.

24. Denied. It is denied that Sears is entitled to a defense or indemnity. OneBeacon did not issue a vendors endorsement so as to create coverage for Sears as an additional insured. It is further denied that the underlying action, as set forth in the Dockins Complaint, falls within coverage under the policy, as there is no defect alleged as to the chair sold by OneBeacon's insured, Winston. The only allegations in the Dockins action were that Sears was negligent in its placement and/or display of the chair.

WHEREFORE, Defendant, OneBeacon Insurance Group seeks judgment in its favor and against Plaintiff, Sears, Roebuck and Company, and seeks a finding that OneBeacon Insurance Group has no duty to defend or indemnify Sears.

## COUNT II
### SEARS, ROEBUCK AND CO. v. ONEBEACON INURANCE GROUP
### BREACH OF CONTRACT

25. Defendant, OneBeacon incorporates by reference its responses in the preceding paragraphs as though set forth herein at length.

26. Denied. It is denied that Sears is entitled to a defense or indemnity, as the underlying action is not covered by the policy, as no vendors' endorsement was issued by OneBeacon and the underlying action does not allege a defect relating to Winston's product.

27. Admitted in part, denied in part. It is admitted that Sears has requested defense and indemnity. It is denied that the policy affords coverage to Sears.

28. Admitted, as no coverage is afforded to Sears by the policy.

29. Denied. It is denied that OneBeacon's denial of Sears' request for defense and indemnity represents a breach of contract. It is denied that the policy affords coverage to Sears, or that Sears and OneBeacon had a contractual relationship.

30. Denied. It is denied that OneBeacon breached any contract, that Sears and OneBeacon had a contractual relationship, or that OneBeacon has caused any damages to Sears.

WHEREFORE, Defendant, OneBeacon Insurance Group seeks judgment in its favor and against Plaintiff, Sears, Roebuck and Company, and seeks a finding that OneBeacon Insurance Group has no duty to defend or indemnify Sears.

### COUNT III
### SEARS, ROEBUCK AND CO. v. ONEBEACON INSURANCE GROUP
### BAD FAITH

31. Defendant, OneBeacon incorporates by reference its responses in the preceding paragraphs as though set forth herein at length.

32. Denied. It is specifically denied that OneBeacon acted at any time without a reasonable basis. At all times, Defendant, OneBeacon acted in good faith and in accordance with the facts presented.

33. Denied. It is specifically denied that Defendant, OneBeacon acted in bad faith. At all times, Defendant, OneBeacon acted in good faith and in accordance with the facts presented.

WHEREFORE, Defendant, OneBeacon Insurance Group seeks judgment in its favor and against Plaintiff, Sears, Roebuck and Company, and seeks a finding that OneBeacon Insurance Group has no duty to defend or indemnify Sears.

### COUNT IV
### SEARS, ROEBUCK AND CO. v. WINSTON FURNITURE COMPANY, INC.
### BREACH OF CONTRACT

34. Defendant, OneBeacon incorporates by reference its responses in the preceding Paragraphs as though set forth herein at length.

35. The averments in this Paragraph are directed to another party, and therefore no response is required.

36.     Admitted that neither Sears, OneBeacon nor Winston has been able to locate the purported vendor's endorsement.  Further, it is denied that a Vendors' Endorsement was ever issued by OneBeacon.

37.     The averments in this Paragraph are directed to another party, and therefore no response is required.

38.     The averments in this Paragraph are directed to another party, and therefore no response is required.

WHEREFORE, Defendant, OneBeacon Insurance Group seeks judgment in its favor and against Plaintiff, Sears, Roebuck and Company, and seeks a finding that OneBeacon Insurance Group has no duty to defend or indemnify Sears.

## COUNT V
## SEARS, ROEBUCK AND CO. v. WINSTON FURNITURE COMPANY, INC.
## ACTION FOR DECLARATORY RELIEF

39.     Defendant, OneBeacon incorporates by reference its responses in the preceding Paragraphs as though set forth herein at length.

40.     Denied. It is specifically denied that Plaintiff in the underlying action alleges injuries "arising out of her use of the aforesaid Canterbury chair" and any inference that the underlying action alleges a defect as to the chair itself is denied.  The Dockins Complaint alleges only that Sears was negligent in not properly securing the chair and/or failing to displaying it on a proper surface.

41.     Denied. After reasonable investigation, OneBeacon is without information or facts sufficient to determine whether the chair at issue was sold pursuant to the Letter Agreement, as it has not been established when the chair was sold to Sears, or by whom.

42.     The averments in this paragraph are directed to another party, and therefore no response is required.

43. The averments in this paragraph are directed to another party, and therefore no response is required.

44. The averments in this paragraph are directed to another party, and therefore no response is required.

45. The averments in this paragraph are directed to another party, and therefore no response is required.

WHEREFORE, Defendant, OneBeacon Insurance Group seeks judgment in its favor and against Plaintiff, Sears, Roebuck and Company, and seeks a finding that OneBeacon Insurance Group has no duty to defend or indemnify Sears.

## AFFIRMATIVE DEFENSES

OneBeacon incorporates by reference the responses contained in paragraphs 1-45 of its Answer as though set forth herein at length.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of failure of consideration.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

At all times relevant hereto, OneBeacon acted in good faith and in reliance on the language contained in the policy and the facts presented in issuing a denial of duty to defend or indemnify Sears in the Dockins litigation.

### EIGHTH AFFIRMATIVE DEFENSE

OneBeacon did not issue a vendors' endorsement for the policy at issue.

### NINTH AFFIRMATIVE DEFENSE

At no time relevant hereto did OneBeacon engage in bad faith.

### TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, OneBeacon incorporates by reference all of the terms and provisions contained in the applicable policy of insurance issued by OneBeacon to Winston and by way of further affirmative defense, OneBeacon avers pursuant to the terms and provisions of said policy, in their entirety, OneBeacon owes no duty to defend and/or indemnify Plaintiff thereunder.

### ELEVENTH AFFIRMATIVE DEFENSE

Under the clear and unambiguous terms of the policy, there is no duty to defend and/or indemnify Plaintiff, as it has not been established or even alleged, that the underlying incident in which Anne Dockins was allegedly injured arises out of Winston's product, but rather the Plaintiff's display and/or placement of that product.

### TWELFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, OneBeacon refers to the language contained in the purported Certificate of Insurance issued by Alabama Insurance Exchange, which states that the Certificate does not create coverage, nor does it alter the coverage provided under the policy.

**THIRTEENTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, OneBeacon incorporates the declarations of coverage and endorsements applicable to the subject policy, which do not describe or include a vendors' endorsement.

WHEREFORE, Defendant, OneBeacon Insurance Group seeks judgment in its favor and against Plaintiff, Sears, Roebuck and Company, and seeks a finding that OneBeacon Insurance Group has no duty to defend or indemnify Sears.

                                        CONNOR, WEBER & OBERLIES, P.C.

BY: _____
       JOSEPH P. CONNOR, III, ESQUIRE
       171 West Lancaster Avenue
       Paoli, PA  19301
       (610) 640-2810

       Attorney for Defendant,
       OneBeacon Insurance Group